# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID J. PINCHOTTI,<br><br>Defendant. | Criminal Action No. TDC-18-0243 |

## MEMORANDUM ORDER

On April 11, 2018, Defendant David J. Pinchotti was convicted of failing to stop at a stop sign, in violation of the Transportation Article of the Maryland Code, Md. Code Ann., Transp. § 27-707(c) (2010), after a bench trial on Joint Base Andrews before a United States Magistrate Judge. Pinchotti now appeals on the basis that the evidence at trial was insufficient to sustain the conviction and on other grounds. For the reasons set forth below, the conviction is affirmed.

## BACKGROUND

The following facts were presented at trial before United States Magistrate Judge Thomas M. DiGirolamo on April 10, 2018 in a courtroom on Joint Base Andrews. On the evening of January 22, 2018, Officer Aaron Moss, a Response Force Leader on Joint Base Andrews, was parked at the intersection of F Street and Alabama Avenue on Joint Base Andrews. The United States Government has exclusive jurisdiction over Joint Base Andrews, which is located within the state of Maryland. Moss was parked between 25 and 50 meters away from the intersection to monitor traffic, because many stop-sign violations had been reported at that intersection. At about 10:14 p.m., he saw a silver Honda Accord approach the intersection from F Street and turn onto Alabama Avenue without stopping at the stop sign and without using a turn signal. Moss stopped

the Honda and issued two violation notices, for turning without using a turn signal, Md. Code Ann, Transp. § 21-604(c), and failure to stop at a stop sign, Md. Code Ann,. Transp. § 21-707(c).

At trial, Moss testified, and Pinchotti had an opportunity to cross-examine him. Pinchotti also testified in his own defense. He testified that he did not fail to stop at the stop sign and had used his turn signal, that Moss was hostile to him and incompetent as a law enforcement official, and that, in his opinion, Moss had not acted in good faith. After hearing the testimony, the Magistrate Judge found Pinchotti guilty of failing to stop at a stop sign and not guilty of turning without using a turn signal because no other car had been affected by the lack of a turn signal. Pinchotti was ordered to pay a fine of $85.00 plus additional fees for a total of $120.00. Pinchotti timely appealed the conviction.

## DISCUSSION

Pinchotti appeals his conviction on five grounds. First, he argues that the officer did not have the authority to charge Pinchotti with a violation of Maryland law. Second, he argues that the Magistrate Judge erred by limiting his cross-examination of Moss regarding the Posse Comitatus Act. Third, he argues that the Government did not present sufficient evidence to support his conviction. Fourth, he argues that Moss's testimony must be excluded pursuant to *Horton v. California*, 496 U.S. 128 (1990). Finally, he asserts that his right to a public trial under the Sixth Amendment to the United States Constitution was infringed.

### I.  Standard of Review

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402 (2012). An appeal to a district judge is not a "trial de novo." Fed. R. Crim. P. 58(g)(2)(D). Instead, "[t]he scope of the appeal is the same as in an

2

appeal to the court of appeals from a judgment entered by a district judge." *Id.*; *see also United States v. Bursey*, 416 F.3d 301, 305–06 (4th Cir. 2005); *United States v. Lofton*, 233 F.3d 313, 317 (4th Cir. 2000).

In conducting review on the issue of sufficiency of the evidence, the Court does not "weigh the evidence or assess the credibility of witnesses." *United States v. Kelly*, 510 F.3d 433, 440 (4th Cir. 2007). The Court must sustain a guilty verdict if, viewing the evidence in the light most favorable to the Government, and drawing all reasonable inferences and resolving all contradictions in the testimony in the Government's favor, the verdict is supported by "substantial evidence." *United States v. Moye*, 454 F.3d 390, 394 (4th Cir. 2006); *United States v. Smith*, 451 F.3d 209, 216 (4th Cir. 2006). "Substantial evidence" is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Smith*, 451 F.3d at 216; *see also United States v. Strayhorn*, 743 F.3d 917, 921 (4th Cir. 2014). A conviction may be reversed based on insufficient evidence only when "the prosecution's failure is clear." *Moye*, 454 F.3d at 394 (quoting *United States v. Jones*, 735 F.2d 785, 791 (4th Cir. 1984)).

In evaluating the sufficiency of evidence presented at a bench trial, a reviewing court must be mindful of the "great discretion accorded to the trial judge," who "weighs the evidence, determines the credibility of the witnesses, and finds the facts." *United States v. Bales*, 813 F.2d 1289, 1293 (4th Cir. 1987). A reviewing court may reverse a trial judge's factual finding only if it is "clearly erroneous." *Id.* "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Hall*, 664 F.3d 456, 462 (4th Cir. 2012) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The court reviews "rulings on matters of trial management," *United States v. Beckton*, 740 F.3d 303, 306 (4th Cir. 2014), and "limitations on a defendant's cross-examination of a prosecution witness," *Smith*, 451 F.3d at 220, for abuse of discretion. Rulings regarding questions of law are reviewed *de novo*. *Bursey*, 416 F.3d at 306. A claim that the defendant's right to a public trial was violated is also reviewed *de novo*. *United States v. Shryock*, 342 F.3d 948, 974 (9th Cir. 2003).

## II. Assimilative Crimes Act

Pinchotti argues that the violation notice was improper because it charged him with a violation of Maryland state law, rather than the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13(a), and made no mention of the ACA. Under the ACA, on lands that are under the exclusive jurisdiction of the United States and also wholly within a state, a person who commits an offense that would be punishable by that state if the offense took place within the state's jurisdiction "shall be guilty of a like offense and subject to a like punishment." 18 U.S.C. § 13(a). The ACA therefore makes state criminal violations "federal crimes when they occur on" land within federal jurisdiction. *United States v. Raffield*, 82 F.3d 611, 613 (4th Cir. 1996). Since the ACA, "not the charging document, makes a violation of certain Maryland laws on federal land under federal jurisdiction a federal crime," the Government is not required to "invoke[]" it when charging a person with a violation of Maryland law within a federal jurisdiction. *United States v. Johnson*, 131 F. Supp. 2d 721, 723 (D. Md. 2001).

Joint Base Andrews is land subject to the jurisdiction of the United States and is located in Maryland. Consequently, the ACA converts violations of Maryland's motor vehicle laws into federal crimes, as the Magistrate Judge explained to Pinchotti during the trial. *See Raffield*, 82 F.3d at 613. Therefore, it was not beyond the authority of the United States or Moss to provide Pinchotti with a violation notice after he failed to use a turn signal and stop at a stop sign, because

4

for the purpose of Joint Base Andrews, the relevant statutes were federal. Since the violation notice clearly stated which Maryland statutes Pinchotti had violated, it was not improper for the notice to fail to mention the ACA. *See Johnson*, 131 F. Supp. 2d at 723.

### III. Limitation on Cross-Examination

Pinchotti next argues that the Magistrate Judge erred by limiting his cross-examination of Moss regarding the Posse Comitatus Act ("PCA"), 18 U.S.C. § 1385. Pursuant to Federal Rule of Evidence 611(a), a court "should exercise reasonable control over the mode and order of examining witnesses" to "avoid wasting time." Such decisions are subject to an abuse of discretion standard and the reviewing court affords the trial judge "broad latitude," because "questions of trial management are quintessentially their province." *Beckton*, 740 F.3d at 306 (quoting *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006)).

The Magistrate Judge did not abuse his discretion in limiting Pinchotti's cross-examination. On the Government's objection, the Magistrate Judge stopped Pinchotti after Moss, responding to Pinchotti, stated that while he had heard of the PCA, he was not familiar with it. When Pinchotti attempted to bring up the PCA once again, the Magistrate Judge stopped him and explained that the statute was not relevant. The PCA makes it a crime for anyone to willfully use "any part of the Army or the Air Force as a posse comitatus or otherwise to execute the laws." 18 U.S.C. § 1385. It was "enacted during the Reconstruction Period to eliminate the direct active use of Federal troops by civil law authorities." *United States v. Banks*, 539 F.2d 14, 16 (9th Cir. 1976). However, pursuant to the ACA, military personnel "are authorized by statute to arrest and detain civilians for on-base violations of civil law." *White v. Downs*, 112 F.3d 512, 1997 WL 210858, at *6 (4th Cir. 1997) (unpublished) (quoting *Banks*, 539 F.2d at 16); *see United States v. Griley*, 814 F.2d 967, 976 (4th Cir. 1987). Pinchotti's traffic infraction took place on Joint Base Andrews,

where military personnel are permitted to enforce the traffic laws. Furthermore, the cross-examination regarding the PCA did not go to Moss's credibility or other issues at trial, especially since Moss stated that he did not know the statute. *See Smith*, 452 F.3d at 332. Since the statute was not relevant, curtailing Pinchotti's cross-examination of Moss on this topic was not an abuse of discretion.

## IV. Sufficiency of the Evidence

Pinchotti next claims that the Government's evidence was not sufficient to support a conviction. In consideration of the applicable standard on appeal, which includes drawing all inferences and resolving all credibility determinations in the light most favorable to the Government, the Court finds that the evidence at trial provides a sufficient basis to conclude that Pinchotti committed the traffic offense. Moss testified that he was parked near the intersection of Alabama Avenue and F Street in order to enforce the stop sign, since there had been multiple reports of drivers failing to stop. He stated that he saw a silver Honda approach the intersection and not stop as it passed the stop sign, which was unobstructed. He testified that he did not know Pinchotti and that he had not met him before the traffic stop, nor had seen him since the traffic stop. Although Pinchotti argued that Moss was not credible, asserted that Moss was too far away to see his car properly, and testified that he believed Moss had acted in bad faith, the Magistrate Judge found Moss's testimony to be credible and that other than Pinchotti's testimony, there was no reason to believe that Moss harbored a bias against Pinchotti or was incompetent. The Magistrate Judge credited Moss's testimony because Moss's duty assignment was to monitor the stop sign and his attention was directed to that task. While Pinchotti contested whether Moss acted inappropriately or saw his car pass through the intersection without stopping, on appeal this Court resolves all factual disputes in the Government's favor. *See Moye*, 454 F.3d at 394. Since

substantial evidence supports the conviction, Pinchotti's appeal based on the sufficiency of the evidence is denied. *See id.*

Pinchotti also argues that Moss's testimony must be excluded because Moss was illegally parked and therefore not lawfully present at the intersection. Pinchotti argues that as a result, any observations Moss made are violations of the Fourth Amendment under *Horton v. California*, 496 U.S. 128 (1990). Pinchotti did not raise this issue at trial, and therefore this objection was waived. *See* Fed. R. Crim. P. 51(b). Regardless, *Horton* addressed the question of whether a law enforcement officer executing a search warrant can seize objects not named in the warrant under the plain view doctrine even when the officer's discovery of the evidence was not "inadvertent." *Horton*, 496 U.S. at 130–31, 142. *Horton* is not relevant in this case, where Moss was parked on a public road. Moss's testimony did not need to be excluded.

## V. Public Trial

Finally, Pinchotti argues that his Sixth Amendment right to a public trial was infringed because the trial took place in a courtroom at Joint Base Andrews, which is an "inherently" "private government facility." App. Br. 1, ECF No. 4. He requests dismissal of the case or a new trial in a public venue. The constitutional guarantee of a public trial was "created for the benefit of the defendant" and to ward off injustice and unfairness in the trial process by all actors, including judges, lawyers, witnesses, and jurors. *Waller v. Georgia*, 467 U.S. 39, 46 & n.4 (1984) (quoting *Gannett Co. v. DePasquale*, 443 U.S. 368, 380 (1979)). Violation of the public trial right is "structural error" and is "not subject to harmless error analysis," because it affects the fairness of the trial process. *Bell v. Jarvis*, 236 F.3d 149, 165 (4th Cir. 2000).

The Court finds that Pinchotti's right to a public trial was not violated. The courtroom on Joint Base Andrews was not closed to the public. As evidenced by the recording of the trial, other

7

cases were called and tried before and after Pinchotti's trial. Indeed, Pinchotti stated during his closing argument that he had observed the proceedings in the cases preceding his trial. The Court also notes that the interests underlying the right to a public trial have not been implicated by the proceedings here. Pinchotti has not argued that the prosecutor or Magistrate Judge engaged in improper conduct or irresponsibly carried out their duties, that Moss perjured himself because he was not subject to public scrutiny, or that any other ills of a secret tribunal affected his proceeding. *See Waller*, 467 U.S. at 46. The proceeding did not violate his constitutional rights.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the conviction is AFFIRMED. The Clerk is directed to CLOSE this case.

Date: April 9, 2019

THEODORE D. CHUANG
United States District Judge